■ In the Matter of the Claim of JOSEPH DE ANGELO, Respondent, against AMERICAN CAN COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was employed as a spoilage recorder in appellant's plant; he testified that on April 17, 1956 in attempting to avoid spoilage which he was taking from a basket and placing in a steel truck from falling to the floor, he brought up his left leg to gain balance, and as he did so his left thigh came in contact with the truck. He described two things happening to his thigh: (a) "I grazed it, part of my leg and the outer side of my knee"; and (b) "a severe blow I got on the lower part of my thigh." He amplified this description in the record: "It was the lower part of my left thigh, struck this projecting metal from the truck. That was the part I really hit hard." He described this place of contact as being about four inches above the kneecap. It is made clear in the record that claimant described this heavy blow and the site of the "scratches" as being near each other but at different places, on the left thigh. A plant nurse treated him immediately after the accident. She said that she "saw three small cuts that were bleeding slightly  *  *  *  on the outer aspect, slightly above the knee." Ten days later claimant reported to the nurse that "his left thigh was slightly painful and swollen since" the accident and "then I examined the thigh and it was slightly larger than the right and an area of hardness, no discoloration." Prior to this accident claimant testified he had had no symptoms or difficulty with his thigh and for the nine years he had been working for employer had exhibited remarkably good health. On the second examination the nurse suggested medical attention, and when on April 30 claimant was examined by a physician it was discovered that there was a large hard mass, four and one-half by six inches in size on the front side

of the left thigh about three inches above the patella and there were three healed lacerations, also on the thigh and above the knee, but on the lateral side of the thigh. Pathological study of this mass disclosed that it was a rhabdomysarcoma, a highly malignant tumor. One specialist called by claimant said of this type of tumor that it was "delicate, vulnerable to any type of exterior influence, and particularly vulnerable to trauma"; another specialist testified that this type was "one of the few tumors" which "are particularly aggravated by all forms of trauma." After this diagnosis was made it was necessary to amputate the leg to save claimant's life and an award has been made by the Workmen's Compensation Board of total disability for 100 4/5 weeks to continue until there is evidence of change of condition or earnings. The issue on appeal is whether there is substantial evidence to support the finding of the board on which the award is based, that the tumor was aggravated and its growth "stimulated and accelerated" by the accident. There is medical opinion in the record by physicians who show basic qualification to express an opinion, that there was an association between the injuries described and an acceleration of growth of the tumor. These witnesses demonstrate the processes of association on which their opinions are based. Claimant's testimony that he struck the direct site of the tumor a heavy blow is not inherently improbable; and even if the site of the laceration observed by the nurse were the only place of accidental contact, this site was in close proximity to a portion of the tumor mass. Both sites were in the thigh within a few inches above the knee. The undisputed lacerations on the lateral side of the thigh were included in claimant's medical proof as a factor in traumatic influence on the tumor; but the board could find also that the tumor site itself had been struck a direct blow. Although there is strong medical proof for the employer that no such traumatic influence occurred, or was possible, affecting the growth of the tumor, the issue seems to be an open question of fact on this record. There is, at least, stronger independent proof here of accidental injury near the site of the tumor than existed in *Matter of Schaffer* v. *S. Klein on the Square* (6 A D 2d 924). In some respects this case ought to be governed by the principles considered in *Matter of Rizzio* v. *Liberty Dressing Co.* (5 A D 2d 902). There is a firmer record here than that which led, in *Matter of Kornblum* v. *S. S. Produce* (4 A D 2d 719), to reversal in a carcinoma case; but even there the claim was not dismissed, but remitted because of the generally speculative nature of the medical proof. We think the proof here was enough. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.